[Cite as *In re J.S.*, 2023-Ohio-591.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: J.S.

C.A. No.     30448

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 21-05-391

DECISION AND JOURNAL ENTRY

Dated: March 1, 2023

SUTTON, Presiding Judge.

{¶1}    Appellant, K.R. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her minor child. This Court reverses and remands.

I.

{¶2}    Mother is the biological mother of J.S., born November 27, 2011. Although Mother has other children who were also involved in the trial court proceedings, they are not parties to this appeal. The father of J.S. ("Father") did not appeal from the trial court's judgment because his rights were not terminated.

{¶3}    Because Mother raises a legal challenge to the trial court's termination of her parental rights, this Court recites only the basic facts relevant to that issue. On May 25, 2021, Summit County Children Services Board ("CSB") filed a complaint, alleging that J.S. was a

dependent child because of drug use and intimate partner violence in the home. The trial court later adjudicated J.S. dependent and placed her in the temporary custody of CSB.

{¶4} CSB eventually moved for permanent custody of J.S. Father alternatively moved for legal custody or an extension of temporary custody. Although Mother had initially moved for legal custody of J.S., at the beginning of the dispositional hearing, Mother's trial counsel informed the court that Mother was prepared to voluntarily relinquish her parental rights and waive her right to a hearing on CSB's motion. The trial court accepted Mother's waiver, questioned her about the rights that she was waiving, and dismissed her from the hearing.

{¶5} Following the hearing, during which Father opposed CSB's permanent custody motion, the trial court denied CSB's motion for permanent custody. Instead, it granted Father's motion to continue J.S. in the agency's temporary custody for another six months. The trial court concluded that Mother had "voluntarily relinquished her parental rights[,]" ordered that her parental rights were terminated, and dismissed her as a party to the case. Mother appeals from that aspect of the trial court's judgment and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

> THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY TERMINATING MOTHER'S PARENTAL RIGHTS EVEN THOUGH IT OVERRULED [CSB'S] MOTION FOR PERMANENT CUSTODY AND CONTINUED THE CHILD IN THE TEMPORARY CUSTODY OF [CSB].

{¶6} Mother's assignment of error challenges the trial court's judgment insofar as it terminated her parental rights but denied CSB's motion for permanent custody. The trial court based its termination of Mother's parental rights solely on her pre-hearing waiver to contest permanent custody. By terminating her parental rights after denying CSB's motion for permanent custody, the trial court implicitly concluded that Mother had voluntarily relinquished her parental

rights, even if the court denied CSB's motion for permanent custody. The record reflects otherwise, however.

{¶7}    In a dependency or neglect case involving a voluntary relinquishment of parental rights, there is no legislative guidance on the requirements for such a surrender of rights. *In re B.Y.*, 9th Dist. Wayne No. 16AP0071, 2017-Ohio-833, ¶ 10.

> Nevertheless, because parents have a constitutional right to raise their children, "due process requires that a parent's surrender of parental rights must reflect fundamental fairness, be made with full knowledge of the parent's rights and the consequences that will follow, and be knowing, intelligent, and voluntary." *In re B.Y.*, 2017-Ohio-833, at ¶ 14. To satisfy this standard, a parent's relinquishment of parental rights must include "a 'meaningful dialogue' between the trial judge and [parent] to ensure that [the parent] understood the rights and the consequences involved in such a decision[.]" *Id*. at ¶ 26, quoting *In re Terrence-Jamison*, 162 Ohio App.3d 229, 2005-Ohio-3600, ¶ 89 (6th Dist.).

*In re B.W.*, 9th Dist. Wayne No. 18AP0034, 2018-Ohio-4544, ¶ 7.

{¶8}    A review of the record in this case demonstrates that Mother's voluntary relinquishment of her parental rights was contingent on CSB receiving permanent custody of J.S. Mother explicitly agreed to waive her right to a contested hearing to defend against CSB's permanent custody motion. Mother completed and signed a "WAIVER OF TRIAL RIGHTS" form and the trial court questioned her to ascertain whether her waiver of rights was made voluntarily, knowingly, and intelligently. Both the written form and the trial court's colloquy with Mother explicitly focused on Mother's waiver of her right to participate in the hearing to oppose CSB's motion for permanent custody.

{¶9}    The written waiver form clarified that Mother was waiving only her right to a contested hearing on CSB's motion for permanent custody. The rights that she was waiving by forgoing her right to a hearing were explicitly set forth in the form and included: requiring CSB to prove both prongs of the permanent custody test under the rules of evidence and by clear and

convincing evidence; her right to testify; and her right to cross-examine CSB witnesses and present evidence in opposition to the motion. The written form also repeatedly specified that Mother agreed to surrender her parental rights to J.S. to have the child "placed in the permanent custody of a children services agency[,]" which is later specified on the form as CSB.

{¶10} In its colloquy with Mother about her waiver of parental rights, the trial court reviewed each of the trial rights that Mother was waiving, as set forth in the written waiver form. The trial court asked Mother whether she was aware of the rights that she was waiving, the consequences of her waiver of trial, and ascertained that Mother had executed the waiver in a knowing, voluntary, and intelligent manner. In questioning Mother about the consequences of her waiver of rights, the trial court specifically verified from Mother, six separate times, that she was agreeing to surrender her parental rights so that J.S. could be "placed in the permanent custody of [CSB]" or "placed in permanent custody[.]" There is nothing in the record to suggest that the trial court questioned Mother about, or that Mother agreed, that she was waiving her parental rights if the trial court denied CSB's motion for permanent custody.

{¶11} The voluntary waiver of Mother's parental rights was explicitly contingent on CSB receiving permanent custody. Following the hearing, the trial court denied CSB's motion for permanent custody, however, so the contingency necessary for Mother's waiver of parental rights did not occur.

{¶12} This Court must conclude that the trial court erred by terminating Mother's parental rights and responsibilities and by dismissing her as a party to this case. Mother did not voluntarily, knowingly, and intelligently agree to waive her parental rights if the trial court did not place J.S. in the permanent custody of CSB. Mother's assignment of error is sustained for that reason.

III.

**{¶13}** Mother's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee, CSB.

BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

NAIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.

JOHN ALEXANDER, Attorney at Law, for Appellee.

BETH BLACKMORE, Attorney at Law, for J.S.

HOLLY FARRAH, Guardian ad Litem.